```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


IGNACIO GARCIA and               §
ANGIE GARCIA,                    §
                                 §
          Plaintiffs,            §
                                 §
v.                               §     CIVIL ACTION NO. H-05-4321
                                 §
JOHN DOE and IGLOO PRODUCTS      §
CORPORATION,                     §
                                 §
          Defendants.            §
```

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Ignacio Garcia and Angie Garcia, bring this action against defendant, Igloo Products Corporation, for damages sustained as a result of injuries that Ignacio Garcia suffered while working for the defendant, and for statutory damages under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(c), for the failure to provide Ignacio Garcia a copy of its Employee Injury Benefit Plan (Plan).  Pending before the court are Defendant Igloo Products Corporation's Motion for Dismissal Without Prejudice or, Alternatively, for Abatement (Docket Entry No. 4), Plaintiffs' Motion to Recover for Igloo's ERISA Violations (Docket Entry No. 7), and Defendant Igloo Products Corporation's Motion to Compel Arbitration of ERISA Claim and Response to Plaintiff's Motion to Recover for ERISA Violations (Docket Entry No. 8).  For the reasons explained below, defendant's motions will be granted and plaintiffs' motion will become moot.

## I. Plaintiffs' Allegations

Plaintiffs allege that in May of 2004 Ignacio Garcia suffered personal injuries on the job when struck by a forklift.[1] Plaintiffs allege that Ignacio Garcia's injuries caused Angie Garcia to suffer consortium damages.[2] In addition to actual damages, plaintiffs seek statutory damages under ERISA, 29 U.S.C. § 1132(c), by alleging that defendant's

> employees/agents were required to furnish a "Plan" copy to Plaintiff Ignacio Garcia and failed to do so, despite many requests. Plaintiff Ignacio Garcia seeks to recover the sum of $110.00 per diem from October 1, 2004 along with attorney's fees in this matter.[3]

## II. Procedural Background

Plaintiffs commenced this action on July 22, 2005, in the 280th Judicial District Court of Harris County, Texas (Civil Action No. 2005-44287), by asserting claims for damages resulting from personal injuries suffered by Ignacio Garcia, and for damages resulting from loss of consortium that Ignacio Garcia's injuries caused Angie Garcia.[4] On November 21, 2005, plaintiffs filed a Second Amended Petition in which they sought statutory damages

---

[1] Plaintiffs' Second Amended Petition, included in Cause of Action Pleadings, Exhibit 2 attached to Defendant Igloo Products Corporation's Notice of Removal, Docket Entry No. 1, § IV.

[2] Id.

[3] Id. § V (end of third unnumbered page).

[4] See Defendant Igloo Products Corporation's Notice of Removal, Docket Entry No. 1, ¶ 1.

under ERISA, 29 U.S.C. § 1132(c), for defendant's alleged failure to provide Ignacio Garcia a copy of the Plan.[5]  On December 20, 2005, plaintiffs received a copy of the Plan.[6]  On December 21, 2005, defendant filed a Notice of Removal asserting federal question jurisdiction.[7]  On December 22, 2005, plaintiffs filed a request to arbitrate Ignacio Garcia's personal injury claims and Angie Garcia's loss of consortium claim with the American Arbitration Association (AAA).[8]

### III.  **Defendant's Pending Motions**

Arguing that all of the plaintiffs' claims are subject to binding arbitration, defendant moves the court to dismiss or abate them pending arbitration (Docket Entry No. 4), and to compel arbitration of plaintiffs' ERISA claim (Docket Entry No. 8).

---

[5]See Plaintiffs' Second Amended Petition, included in Cause of Action Pleadings, Exhibit 2 attached to Defendant Igloo Products Corporation's Notice of Removal, Docket Entry No. 1 ¶¶ 5-8; and Plaintiffs' Response to Igloo's Motion to Abatement and Plaintiffs' Motion to Recover for Igloo's ERISA Violations, Docket Entry Nos. 6 and 7, ¶ 7 (stating that "[p]laintiffs sought statutory damages and attorney's fees (a 502(c) cause of action (29 U.S.C. Sec. 1132(c)) for Igloo's failure to produce the Plan").

[6]See Plaintiffs' Response to Igloo's Motion to Abatement and Plaintiffs' Motion to Recover for Igloo's ERISA Violations, Docket Entry Nos. 6-7, ¶ 6.

[7]See Defendant Igloo Products Corporation's Notice of Removal, Docket Entry No. 1, ¶ 7.

[8]See December 22, 2005, letter to AAA signed by assistant to plaintiffs' attorney, Exhibit A attached to Defendant Igloo Products Corporation's First Amended Answer and Motion for Dismissal Without Prejudice, Docket Entry Nos. 3-4.

**A.    Defendant's Motion to Compel**

    1.    Standard of Review

Courts conduct a two-step inquiry when deciding whether parties should be compelled to arbitrate a dispute.  OPE International LP v. Chet Morrison Contractors Inc., 258 F.3d 443, 445 (5th Cir. 2001) (citing Webb v. Investacorp, Inc., 89 F.3d 252, 257-258 (5th Cir. 1996)).  First, the court must decide whether the parties agreed to arbitrate the dispute.  Id.  "This determination involves two considerations:  (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."  Id. (quoting Webb, 89 F.3d at 257-58).  "When deciding whether the parties agreed to arbitrate the dispute in question, 'courts generally . . . should apply ordinary state-law principles that govern the formation of contracts."  Id. (quoting First Options of Chicago, Inc. v. Kaplan, 115 S.Ct. 1920, 1924 (1995)).  "In applying state law, however, 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration.'"  Webb, 89 F.3d at 258 (quoting Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 109 S.Ct. 1248, 1253-1254 (1989)).  Second, the court must determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims."  Id.

2. <u>Analysis</u>

Asserting that on December 4, 2001, Ignacio Garcia voluntarily signed the Election and Arbitration Agreement required of all employees participating in the Plan,[9] defendant argues that

> [b]y signing the Arbitration Agreement, Mr. Garcia elected to be eligible to receive benefits provided under the Plan.  Mr. Garcia never revoked his election to participate in the Plan.  In fact, he has received and accepted benefits under the Plan.[10]

Asserting that "the Arbitration Agreement expressly includes 'claims for a violation of any . . . federal, state or other governmental law, statute, regulation or ordinance,'" defendant argues that plaintiffs' ERISA claim is subject to arbitration along with the other claims arising from Ignacio Garcia's injuries.[11]

Although plaintiffs have not responded to defendant's motion to compel, in response to defendant's motion to dismiss they argue:

> Plaintiffs agreed from the onset that Igloo's ERISA violations constitute a federal question that facilitates removal.  No remand was sought, as the personal injury claims are in arbitration and the ERISA violation will be presented to this Court.  After making this acknowledgment to Igloo, Igloo waited seven days and filed its Motion to dismiss attaching Plaintiffs agreement letter

---

[9]Signature page of Election and Arbitration Agreement signed by Ignacio Garcia and dated December 4, 2001, included in Exhibit A-2 attached to Defendant Igloo Products Corporation's Motion to Compel Arbitration of ERISA Claim, Docket Entry No. 8.

[10]Defendant Igloo Products Corporation's Motion for Dismissal Without Prejudice or for Abatement, Docket Entry No. 4, ¶ 4.

[11]Defendant's Motion to Compel Arbitration of ERISA Claim and Response to Plaintiff's Motion to Recover for ERISA Violations, Docket Entry Nos. 7-8, ¶ 8.

as "proof" that this case should be dismissed or abated as arbitration has been filed. What Igloo forgot to address in its Dismissal/Abatement motion was the very federal question (ERISA violations) that Igloo had just utilized to escape further state court orders. In other words, to avoid state court proceedings (where Igloo's non-production of the ERISA Plan was already determined to warrant sanctions) Igloo quickly points out that its ERISA violation is a federal question that seems to vanish after a remand is not sought.

The only federal question noted by Igloo remains before this Court. Dismissal or abatement are not proper for this issue. The dismissal or abatement should be denied.[12]

Significantly, however, plaintiffs do not dispute defendant's assertions that (1) on December 4, 2001, Ignacio Garcia signed the Election and Arbitration Agreement for Igloo's Employee Injury Benefit Plan, and (2) Ignacio Garcia has not revoked either his election to participate in the Plan or his agreement to arbitrate his disputes with the defendant.

In pertinent part the Plan provides:

2.   In order to elect to participate in this . . . Plan and as a condition to participation in it and in exchange for eligibility for any of its benefits, . . . an Employee must fully execute and agree to the terms of an Election and Arbitration Agreement . . .

3.   **Arbitration of Employment Disputes:** By executing and agreeing to the Election and Arbitration Agreement, an Employee affirmatively agrees to submit to binding arbitration all claims or disputes covered by the Election and Arbitration Agreement. The result of the binding arbitration will be the sole and exclusive remedy for resolving any such claim or dispute. The Election

---

[12]See Plaintiffs' Response to Igloo's Motion to Abatement and Plaintiffs' Motion to Recover for Igloo's ERISA Violations, Docket Entry Nos. 6-7, ¶¶ 8-9.

and Arbitration Agreement is mutually binding upon the company (and the Employers) and the Participant as well as the Participant's Beneficiaries, spouse, heirs, parents and legal representatives and the Company's (and each Employer's) successors, subsidiaries, affiliates, directors, officers, partners, shareholders, managers and agents.  Any arbitration proceeding initiated under the Election and Arbitration Agreement shall be conducted in accordance with the provisions of Paragraph B below, which provisions are expressly incorporated by reference into, and made part of, the Election and Arbitration Agreement.[13]

Under the heading "Mutual Promises to Resolve Claims by Binding Arbitration," the Election and Arbitration Agreement provides:

I recognize that disputes may arise between the Company (or one of its affiliates) and me during or after my employment with the Company.  I understand and agree that any and all such disputes that cannot first be resolved through the Company's internal dispute resolution procedures or mediation <u>must</u> be submitted to binding <u>arbitration</u>.

I acknowledge and understand that by signing this Agreement I am giving up the right to a jury trial on all of the claims covered by this Agreement in exchange for eligibility for the Plan's medical, disability, dismemberment, death and burial benefits and in anticipation of gaining the benefits of a speedy, impartial, mutually-binding procedure for resolving disputes.[14]

Under the heading "Claims Subject to Arbitration," the Election and Arbitration Agreement states:

---

[13]Igloo Products Corp. Employee Injury Benefit Plan, included in Exhibit A attached to Defendant Igloo Products Corporation's First Amended Answer and Motion for Dismissal Without Prejudice or, Alternatively, for Abatement, Docket Entry Nos. 3-4.

[14]Election and Arbitration Agreement included in Exhibit A-2 attached to Defendant Igloo Products Corporation's Motion to Compel Arbitration of ERISA Claim, Docket Entry No. 8, p. 1.

Claims and disputes covered by this Agreement include:

(a)  all claims and disputes that I may <u>now</u> have or may in the <u>future</u> have against the Company and/or against its successors, subsidiaries and affiliates and/or any of their officers, directors, shareholders, partners, owners, employees and agents, or against any Company employee benefit plan (including the Plan) or the plan's administrators or fiduciaries, and . . .

The <u>types</u> of claims covered by this Agreement include, <u>but are not limited to</u>, any and all:

. . .

- tort claims, including negligence, negligence per se and gross negligence claims (including claims for personal or bodily injury or physical, mental or psychological injury, without regard to whether or not such injury was sustained on the job);

. . .

- claims for benefits under the Plan or any other employee benefit plan or program sponsored by the Company (after exhausting administrative remedies under the terms of such plans);

- claims for a violation of any other federal, state or other governmental law, statute, regulation or ordinance; and

- claims challenging the validity or enforceability of this Agreement (in whole or in part) or challenging the applicability of this Agreement to a particular dispute or claim.[15]

Under the heading "Complete Agreement" the Election and Arbitration Agreement provides:

The Arbitration Procedures in Section IX of the Summary Plan Description (and also in Section I, Paragraph B of the Plan) are incorporated by reference into, and made part of, this Agreement the same as if they were all written here.  This Agreement, together with the incorpo-

---

[15]<u>Id.</u> at p. 2.

> rated Arbitration Procedures in Section IX of the Summary Plan Description is the <u>complete</u> agreement between the Company and me. . .[16]

Plaintiffs have not disputed defendant's evidence that Ignacio Garcia voluntarily signed the Election and Arbitration Agreement for Igloo's Employee Injury Benefit Plan on December 4, 2001,[17] or argued that legal constraints external to the parties' agreement foreclose the arbitration of those claims; and the unambiguous language of that agreement provides for binding arbitration of "all claims and disputes" that Ignacio Garcia and/or his beneficiaries have against the defendant, including tort claims, benefit claims, and federal law claims. The court therefore concludes (1) that there is a valid agreement to arbitrate between the parties, (2) that the ERISA claim falls within the scope of that agreement because it is a federal law claim that arises between the defendant and Ignacio Garcia and his beneficiaries, and (3) that there are no legal constraints external to the parties' agreement that foreclose arbitration. See <u>Webb</u>, 89 F.3d at 258.

**B.   Defendant's Motion to Dismiss or Abate**

The Federal Arbitration Act, 9 U.S.C. § 3, states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such

---

[16]<u>Id.</u>

[17]See signature page signed by Ignacio Garcia attached to Election and Arbitration Agreement included in Exhibit A-2 attached to Defendant Igloo Products Corporation's Motion to Compel Arbitration of ERISA Claim, Docket Entry No. 8.

>arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The Fifth Circuit has interpreted the express terms of § 3 to mean only that the court cannot deny a stay when one is properly requested. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992). "This rule, however, was not intended to limit dismissal of a case in the proper circumstances." Id. If all of the issues raised before the court are arbitrable, dismissal of the case is not inappropriate. Id. As the Alford court explained:

>Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.

Id. (quoting Sea-Land Service, Inc. v. Sea-Land of Puerto Rico, Inc., 636 F.Supp. 750, 757 (D. Puerto Rico 1986)). "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." Id. See also Jureczki v. Banc One Texas, N.A., 252

F.Supp.2d 368, 379-380 (S.D. Tex.), aff'd, 75 Fed. Appx. 272 (5th Cir. 2003).

In this case, the agreement at issue mandates arbitration for "all claims and disputes" that Ignacio Garcia and his beneficiaries have against the defendant.[18] Since the parties have already submitted the tort claims alleged in this action to arbitration, and since the court has concluded that the parties must be compelled to arbitrate the ERISA claim, retaining jurisdiction and staying the action will serve no purpose. When, as here, the defendant has not sought dismissal with prejudice, dismissal without prejudice is the appropriate measure. See Jureczki, 252 F.Supp.2d at 380 (citing Sea-Land, 636 F.Supp. at 757). "This course of action will also make the arbitrability issue immediately appealable." Id. (citing Green Tree Financial Corp.--Alabama v. Randolph, 121 S.Ct. 513, 521 (2000), and American Heritage Life Insurance Co. v. Orr, 294 F.3d 702, 707-708 (5th Cir. 2002), cert. denied, 123 S.Ct. 871 (2003)). Because there are no live controversies remaining in this action,[19] the court concludes that it should dismiss plaintiffs' claims without prejudice.

### III.  Conclusions and Order

---

[18]Election and Arbitration Agreement included in Exhibit A-2 attached to Defendant Igloo Products Corporation's Motion to Compel Arbitration of ERISA Claim, Docket Entry No. 8, p. 2.

[19]Defendant Igloo Products Corporation's Notice of Removal states that defendant, John Doe, has not been served by plaintiffs. (Docket Entry No. 1 at ¶ 3) Plaintiffs have not disputed that Doe has not yet entered an appearance.

The court concludes that the parties must be compelled to arbitrate the ERISA claim asserted in this action because there is a valid agreement to arbitrate between the parties, and no showing has been made that federal statute or policy renders the claims nonarbitrable. Accordingly, Defendant Igloo Corporation's Motion to Compel Arbitration of ERISA Claim (Docket Entry No. 8) is **GRANTED**. Since the parties have already agreed to arbitrate all the other claims brought in this action, Defendant Igloo Products Corporation's Motion for Dismissal Without Prejudice (Docket Entry No. 4) is **GRANTED**, and Plaintiffs' Motion to Recover for Igloo's ERISA Violations (Docket Entry No. 7) is **MOOT.**

**SIGNED** at Houston, Texas, on this 30th day of March, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE